WIGGINTON, Acting Chief Judge,
(specially concurring).
I concur in the opinion authored by Judge Johnson, and also in the special concurrence of Judge Waybright.
Appellant was indicted for the violation of F.S. Section 811.021 (1) (c), F.S.A., which is as follows:
“(1) A person who, with intent to deprive or defraud the true owner of his property or of the use and benefit thereof, or to appropriate the same to the use of the taker, or of any other person: * * * * * *
“(c) While acting as executor, administrator, committee, guardian, receiver, collector or trustee of any description, appointed by a deed, will, or other instrument, or by an order or judgment of a court or officer, secretes, withholds or otherwise appropriates to his own use, or that of any person other than the true owner, or person entitled thereto, any money, personal property, goods and chattels, thing in action, evidence of debt, contract, property or article of value of any kind, in his possession or custody by virtue of his office, employment or appointment; steals such property, and is guilty of larceny.”
As shown by the majority opinion, the almost universal rule prevailing in this country supports the principle that the statute of limitations applicable to the crime of embezzlement commences to run from the date of the unlawful conversion. The only exception to this rule appears to be in the instance where a statute denouncing the crime provides that the offense is deemed to be committed, and the period of limitation commences to run when the unlawful conversion is discovered or demand for an accounting is made. Typical of this type of statute is the one effective in this state pertaining to embezzlement by a bailee.[1] The above-quoted statute under which appellant was indicted and convicted contains no such exceptions.
The rule of law pronounced in this case would appear to protect the unfaithful fiduciary by immunizing him from prosecu *48 tion unless his unlawful act is discovered and prosecution commenced within two years after it is committed. Because of the position of confidence and trust occupied by a fiduciary, reason for questioning the legality of his acts seldom manifests itself until long after a default has occurred. Permitting the fiduciary to go free merely because his unlawful act was not discovered within two years from the date of its commission is repugnant to the most minimal standards of morality and justice. The remedy for this evil, if one it be, does and must lie exclusively with the legislative branch of our government, and not with the courts.

. P.S. § 812.01, P.S.A.